JANINE JAMES, M.D.,

        Plaintiff,

v.

TCA HEALTH, INC, and
VERONICA E. CLARKE, in her
individual capacity,

        Defendants.

No. 20-cv-4010
Judge Franklin U. Valderrama

## MEMORANDUM OPINION AND ORDER

Plaintiff Dr. Janine James (Dr. James) was the Chief Medical Officer at TCA Health, Inc. (TCA). Dr. James reported to Veronica E. Clarke (Ms. Clarke), TCA's Chief Executive Officer. Dr. James alleges that while employed at TCA, she was subjected to race and age discrimination. Dr. James has filed a five-count Complaint against TCA and Ms. Clarke (collectively, Defendants), alleging 42 U.S.C. § 2000e (Title VII) race discrimination against TCA (Count I); 42 U.S.C. § 1981 race discrimination against all Defendants (Count II); 29 U.S.C. § 621 (ADEA) age discrimination against TCA (Count III); retaliation under 42 U.S.C. § 1981, Title VII, and the ADEA against TCA (Count IV); and retaliation under the Illinois Whistleblower Act (IWA) against TCA (Count V). R. 1, Compl.[1]

---

[1]Citations to the docket are indicated by "R." followed by the docket number or filing name, and where necessary, a page or paragraph citation.

Defendants' Partial Motion to Dismiss Counts I, II, IV and V of Dr. James's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) is before the Court. R. 12, Mot. Dismiss. For the reasons that follow, Defendants' motion is granted as to Count IV as it relates to retaliation based on race discrimination under Title VII and Section 1981 and as to Count V, and denied as to Counts I and II and Count IV as it relates to retaliation based on age discrimination under the ADEA.

## Background

Dr. James is a 66-year-old African American female. Compl. ¶ 1.[2] In September 2018, she was hired as TCA's Chief Medical Officer. *Id.* ¶ 13. As Chief Medical Officer, Dr. James was responsible for clinical decisions, nursing staff, and patient care. *Id.* ¶¶ 14, 68. Dr. James reported to Ms. Clarke, TCA's CEO. *Id.* ¶¶ 15–16. Dr. James alleges that Ms. Clarke made decisions that put patients in danger and placed the facility itself in danger of closing. *Id.* ¶ 16. Dr. James raised concerns regarding inadequate staffing, misuse of donated funds, and patient safety issues to Ms. Clarke on multiple occasions. *Id.* ¶¶ 17, 69. Ms. Clarke constantly demeaned and disrespected Dr. James for her opinions regarding staffing and safety. *Id.* ¶ 18. After raising her concerns, Dr. James was threatened with adverse employment actions. *Id.* ¶ 70.

Ms. Clarke also made discriminatory comments about Dr. James, including comments suggesting that Dr. James was ineffective at her job because of her age.

---

[2]The Court accepts as true all the well-pleaded facts in the Complaint and draws all reasonable inferences in favor of Dr. James. *Platt v. Brown*, 872 F.3d 848, 851 (7th Cir. 2017).

*Id.* ¶ 19. Ms. Clarke made comments about Dr. James's age in the presence of TCA Human Resources (HR) representatives, but was not disciplined for her comments. *Id.* ¶¶ 20–21. Dr. James alleges that she complained to HR about a March 2019 statement Ms. Clarke made to her about being "too old to perform her job." *Id.* ¶ 60. Dr. James also alleges that Defendants discriminated against her, "on the basis of her race by, among other things, treating others outside her protected class far more favorably than Dr. James, being unsupportive of her work, ignoring her complaints regarding patient safety issues, and terminating her employment without good cause." *Id.* ¶¶ 31, 40.

In June 2019,[3] Dr. James was informed that she would be terminated effective September 10, 2019. R. 1-4, 8/6/2019 Letter at 5. After July 2019, Dr. James's hours were reduced but her responsibilities remained the same. Compl. ¶ 23. On August 6, 2019, Dr. James emailed her alderman in which she lays out her "serious concerns" about TCA's operation. 8/6/2019 Email. Dr. James's listed concerns include proper patient care, firing of qualified staff, and Ms. Clarke's comment that Dr. James was too old to perform her duties. *Id.* On August 7, 2019, Dr. James also emailed her state representative raising similar concerns about patient care, TCA's operation, and harassment of TCA's staff. R. 1-5, 8/7/2019 Email. Additionally, on September 1,

---

[3]In the Complaint, Dr. James alleges that she was informed of her termination in July 2019. Compl. ¶ 22. However, given that Dr. James attached a letter that she wrote as an exhibit to the Complaint, in which she stated that she was notified of her termination in June 2019, 8/6/2019 Letter at 5, the Court relies on the date in the letter. *See N. Indiana Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 454 (7th Cir. 1998) ("It is a well-settled rule that when a written instrument contradicts allegations in the complaint to which it is attached, the exhibit trumps the allegations."); *see also Thompson v. Illinois Dep't of Pro. Regul.*, 300 F.3d 750, 754 (7th Cir. 2002).

2019, Dr. James sent a similar letter to the Illinois Bureau of Primary Care, outlining her concerns with TCA's patient care and improper use of donated funds. R. 1-3, 9/1/2019 Email; Compl. ¶ 24. Dr. James was terminated September 10, 2019. Compl. ¶ 25.

Dr. James subsequently filed a five-count Complaint against Defendants alleging race discrimination against TCA (Count I); race discrimination against all Defendants (Count II); age discrimination against TCA (Count III); retaliation based on reports of race and age discrimination against TCA (Count IV), and retaliation under the Illinois Whistleblower Act against TCA (Count V). Compl. Defendants' Partial Motion to Dismiss Counts I, II, IV and V of Dr. James's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) is before the Court.

## Standard of Review

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint. *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). Under Rule 8(a)(2), a complaint must include only "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). To survive a motion to dismiss, a complaint need only contain factual allegations, accepted as true, sufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The allegations "must be enough

to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The allegations that are entitled to the assumption of truth are those that are factual, rather than mere legal conclusions. *Iqbal*, 556 U.S. at 678–79.

## Analysis

### I.     Race discrimination under Title VII and 1981 (Counts I and II)

In Counts I and II, Dr. James alleges race discrimination under Title VII and 42 U.S.C. § 1981. Title VII prohibits an employer from discriminating against an employee based on her race. 42 U.S.C. § 2000e-2(a). Section 1981 "guarantees equal rights to all citizens regardless of race and in the context of employment provides that all people have the 'same right . . . to make and enforce contracts . . . as is enjoyed by white citizens." *Morris v. BNSF Ry. Co.*, 969 F.3d 753, 758 (7th Cir. 2020) (quoting 42 U.S.C. § 1981(a)). Title VII and Section 1981 have the same liability standards. *Id.*; *see also Humphries v. CBOCS West, Inc.*, 474 F.3d 387, 403–04 (7th Cir. 2007), *aff'd*, 553 U.S. 442 (2008). Accordingly, the Court considers Dr. James's Title VII and Section 1981 claims together.

To state a claim for discrimination based on race under both Title VII and Section 1981, a plaintiff must allege: (1) that he or she is member of a protected class, (2) performed his or her job satisfactorily, (3) suffered an adverse employment action, and (4) was treated less favorably than a similarly situated employee outside of that protected class. *Nichols v. Michigan City Plant Planning Dep't.*, 755 F.3d 594, 604–05 (7th Cir. 2014). "Adverse employment actions . . . generally fall into three categories: (1) termination or reduction in compensation, fringe benefits, or other

financial terms of employment; (2) transfers or changes in job duties that cause an employee's skills to atrophy and reduce future career prospects; and (3) unbearable changes in job conditions, such as a hostile work environment or conditions amounting to constructive discharge." *Barton v. Zimmer, Inc.*, 662 F.3d 448, 453–54 (7th Cir. 2011). The Court addresses Dr. James's race discrimination claims against TCA and Ms. Clarke separately.

## A. Title VII and Section 1981 Claims against TCA (Counts I and II)

TCA argues that Dr. James fails to state claims against TCA in Counts I and II because Dr. James fails to (1) sufficiently plead an adverse employment action apart from her termination, and (2) connect her termination and alleged mistreatment to any race-based animus. R. 14, Memo. Dismiss at 5–6. TCA contends that Dr. James's allegations of race discrimination are merely conclusory. *Id.* at 5.

At the outset, it bears noting that the Seventh Circuit has repeatedly emphasized that the pleading requirement for employment discrimination claims is minimal. *Tomayo v. Blagojevich*, 526 F.3d 1074, 1085 (7th Cir. 2008) ("In these types of cases, the complaint merely needs to give the defendant sufficient notice to enable him to begin to investigate and prepare a defense."); *Clark v. Law Office of Terrence Kennedy, Jr.*, 709 F. App'x 826, 828 (7th Cir. 2017) ("The pleading requirement for employment-discrimination claims is minimal. A plaintiff need only identify the type of discrimination, when it occurred, and by whom."); *Tate v. SCR Med. Transp.*, 809 F.3d 343, 346 (7th Cir. 2015) (confirming that the pleading standard in employment discrimination cases is "undemanding"); *Carlson v. CSX Transportation, Inc.*, 758

F.3d 819, 827 (7th Cir. 2014) ("Employers are familiar with discrimination claims and know how to investigate them, so little information is required to put the employer on notice of these claims.").

It is undisputed that Dr. James has adequately alleged that she is a member of a protected class (African American) and that she performed her job satisfactorily. *See* Compl. ¶¶ 1, 31, 40; Memo. Dismiss at 5–6. TCA also does not dispute that Dr. James's termination constitutes an adverse employment sufficient to support a Title VII or Section 1981 claim. Memo. Dismiss at 6. However, TCA argues that, to the extent that Dr. James attempts to rely on allegations of discrimination other than her termination, specifically, "treating others outside her protected class far more favorably than Dr. James, being unsupportive of her work, [and] ignoring her complaints regarding patient safety issues," she fails to plead an adverse employment action. *Id.* (citing *Smart v. Ball State University*, 89 F.3d 437, 441 (7th Cir. 1996) ("[N]ot everything that makes an employee unhappy is an actionable adverse action.")). The Court agrees. Moreover, Dr. James did not respond to TCA's argument that any allegations apart from her termination do not constitute an actionable adverse employment action. *See generally* R. 14, Resp. Memo. She therefore has waived the argument. *See Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument . . . results in waiver.").

But as noted above, Dr. James alleges that she was terminated because of her race. Compl. ¶¶ 31, 40 ("Defendants discriminated against Dr. James on the basis of her race by . . . terminating her employment without good cause."). Seventh Circuit

case law teaches that such an allegation suffices to overcome a motion to dismiss. In short, the Court finds, in viewing the allegations of the Complaint in the light most favorable to Dr. James, and drawing all reasonable inferences in her favor, that Dr. James adequately alleges a Title VII and Section 1981 race discrimination claim against TCA based on her termination. Therefore, Defendants' motion to dismiss Counts I and II as to TCA is denied.

## B. Section 1981 Claim against Ms. Clarke individually (Count II)

In Count II, Dr. James seeks to hold Ms. Clarke individually liable for race discrimination under 42 U.S.C. § 1981. Ms. Clarke argues that Dr. James does not plead a sufficient nexus between the adverse employment action of termination and Ms. Clarke's actions. Memo. Dismiss at 6–7.

Section 1981, unlike Title VII, permits individual liability if the individual participated in the statutory violation. *Musikiwamba v. ESSI, Inc.*, 760 F.2d 740, 753–54 (7th Cir. 1985). "The individual defendant must be personally involved, which can mean acquiesce[ing] in some demonstrable way to the alleged constitutional deprivation; or if the conduct causing the constitutional deprivation occurred at his direction or with [his] knowledge and consent." *Guster-Hines v. McDonald's USA, LLC*, 2021 WL 2633303, at *8 (internal citations and quotations omitted).

Here, Dr. James alleges that Ms. Clarke, TCA's CEO, has authority to hire and fire. Compl. ¶ 39; Mot. Dismiss Memo at 7. Dr. James further alleges that she reported to Ms. Clarke. *Id.* ¶ 15. She also claims that Ms. Clarke told her at least once that she was "too old to perform her job duties." *Id.* ¶¶ 19, 60. Admittedly, while Dr.

James does not specifically allege that Ms. Clarke was involved in her termination, a reasonable inference from the facts alleged is Ms. Clarke was "personally involved" in the termination of Dr. James, as TCA's Chief Medical Officer. At this juncture, that is sufficient. *See, e.g.*, *Guster-Hines*, 2021 WL 2633303, at *8 (denying motion to dismiss individual race discrimination claim against CEO where plaintiffs alleged that he "openly targeted [plaintiff] for elimination before her termination" despite defendant's argument that "he did not personally cause, participate, or acquiesce in any adverse employment action against the Plaintiffs"); *c.f. Rainey v. Lipari Foods, Inc.*, 2014 WL 4182662, at *2 (N.D. Ill. Aug. 20, 2014) (dismissing individual age and race discrimination claims against CEO where it was "not plausible" that he personally would have taken part in hiring employees other than plaintiff).

In sum, the Court finds that in viewing the allegations of the Complaint in the light most favorable to Dr. James, and drawing all reasonable inferences in her favor, that Dr. James adequately pleads a Section 1981 race discrimination claim against Ms. Clarke individually. Therefore, the motion to dismiss Count II as to Ms. Clarke is denied.

## II. Retaliation Claim against TCA under Title VII, Section 1981, and the ADEA (Count IV)

In Count IV, Dr. James alleges that TCA retaliated against her after she made "allegations about race and age discrimination" and complained to HR about Ms. Clarke's statement that Dr. James was too old to perform her job. Compl. ¶¶ 60–61. To state a retaliation claim, a plaintiff must allege that he or she is (1) an employee that has (2) suffered a materially adverse action (3) because he or she engaged in

protected activity. *Shott v. Katz*, 829 F.3d 494, 497 (7th Cir. 2016). An employee engages in a "protected activity" when he or she "oppos[es] impermissible discrimination." *Smith v. Bray*, 681 F.3d 888, 896 (7th Cir. 2012).

TCA argues that Dr. James's retaliation claim as to race fails because Dr. James does not allege that she engaged in any protected activity related to race discrimination. Memo. Dismiss at 7–8. To adequately plead a retaliation claim, a plaintiff must plead "*some* specific speech or conduct by the plaintiff [that] led to the termination." *E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 781 (7th Cir. 2007) (quoting *Kyle v. Morton High Sch.*, 144 F.3d 448, 454 (7th Cir. 1998)). The Court agrees with TCA that Dr. James fails to allege that she was engaged in any protected activity related to race discrimination. The extent of Dr. James's allegations related to reporting race discrimination are that she was "terminated *after* Defendants were aware of . . . the allegations of race . . . discrimination." Compl. ¶ 61. However, the Complaint includes no information about the "allegations of race discrimination"— including whether they were made to HR or another officer or employee at TCA. Although a plaintiff pleading a claim for retaliation need not plead much detail, the bare allegations in the Complaint are insufficient to put TCA on notice of what protected activity Dr. James engaged in. *See Concentra Health Services*, 496 F.3d at 781–82.

As to retaliation based on age discrimination, TCA argues that Dr. James's claim also fails because it is too vague and it is unclear whether she complained to HR *before* learning of her impending termination in June 2019. Memo. Dismiss at 8.

Unlike her retaliation claim based on race, here Dr. James alleged "some specific description" of her protected conduct as to age discrimination, *Concentra Health Services*, 496 F.3d at 788: Dr. James alleged that she complained of Ms. Clarke's March 2019 statement that she was too old to perform her job to HR, Compl. ¶ 61. This is enough specificity to sustain a retaliation claim. The Court also disagrees with TCA that Dr. James must identify exactly when she notified HR about Ms. Clarke's ageist statement. Dr. James alleges that the discriminatory statement was made in March 2019, that she notified HR before the decision to terminate her, and that she was notified of her impending termination in June 2019. *Id.* ¶¶ 60–61; 8/6/2019 Email. She has adequately pled that her report of age discrimination caused her termination.

The Court finds, in viewing the allegations of the complaint in the light most favorable to Dr. James, that Dr. James sufficiently pleads a retaliation claim based on age discrimination under the ADEA. However, she fails to sufficiently plead a retaliation claim based on race discrimination under Title VII and Section 1981.

### III.    Retaliation under the Illinois Whistleblower's Act (Count V)

In Count V, Dr. James alleges that TCA retaliated against her for the disclosures she made to Ms. Clarke, as well as to government officials and regulatory officials, including but not limited to her alderperson, her state representative, her state senator, and the Illinois Bureau of Primary Care. Compl. ¶¶ 70–71; 8/6/19 Email; 8/7/19 Email; 9/19/19 Email.

Under the IWA, an employer may not retaliate against an employee:

who discloses information in a court, an administrative hearing, or before a legislative commission or committee, or in any other proceeding, where the employee has reasonable cause to believe that the information discloses a violation of a State or federal law, rule, or regulation. 740 ILCS 174/15(a);

for disclosing information to a government or law enforcement agency, where the employee has reasonable cause to believe that the information discloses a violation a State or federal law, rule, or regulation. 740 ILCS 174/15 (b);

for refusing to participate in an activity that would result in a violation of a State or federal law, rule, or regulation. 740 ILCS 174/20;

[through an] act or omission . . . materially adverse to a reasonable employee . . . because of the employee disclosing or attempting to disclose public corruption or wrongdoing. 740 ILCS 174/20.1; or

[by] threatening any employee with any act or omission if that act or omission would constitute retaliation against the employee under this Act. 740 ILCS 174/20.2.

"The purpose of the IWA is 'to protect employees from adverse employment actions in retaliation for reporting or refusing to engage in unlawful conduct by their employers.'" *Huang v. Fluidmesh Networks, LLC*, 2017 WL 3034672, at *6–7 (N.D. Ill. July 18, 2017) (quoting *Young v. Alden Gardens of Waterford, LLC*, 30 N.E.3d 631, 654 (Ill. App. Ct. 2015)).

As a preliminary matter, there is no cause of action under the IWA where an employee reveals information only to his or her employer. *Zelman v. Hinsdale Twp. High Sch. Dist. 86*, 2010 WL 4684039, at *2 (N.D. Ill. Nov. 12, 2010); *see also Rufus v. City of Chi.*, 2018 WL 1911799, at *4 (N.D. Ill. Apr. 23, 2018) ("The IWA normally

does not protect employees who merely make internal disclosures to their own employers."). As such, Dr. James cannot state an IWA claim based on her disclosure to Ms. Clarke, her employer.

TCA argues that, based on her own Complaint and exhibits thereto, Dr. James's whistleblowing claim is implausible. Memo. Dismiss at 8–9. TCA reasons that since Dr. James alleges that was told in June that she would be fired in September, there can be no causal connection between the protected activity of disclosures to government authorities and the alleged retaliatory action. *Id.* at 9 (citing *Bello v. Vill. of Skokie*, 151 F. Supp. 3d 849, 865 (N.D. Ill. 2015)). The Court agrees. Here, Dr. James alleges that she was informed in June (or July) 2019 that she would be terminated in September 2019. Compl. ¶ 22; 8/6/2019 Email. It was not until August 2019 that Dr. James notified her alderman or state representative about her concerns about TCA. 8/6/2019 Email; 8/7/2019 Email. And she did not notify the Illinois Bureau of Primary Care about TCA's alleged misconduct until September 1, 2019. 9/1/2019 Email. The Court fails to see how Dr. James's termination, of which she was notified in June (or July), could be retaliation for disclosures she made to either elected public officials or the Illinois Bureau of Primary Care in August and September 2019. In light of this finding, the Court need not address TCA's alternative argument that Dr. James's letters to the alderman and state representative do not constitute a "government or law enforcement agency" for purposes of the IWA. Memo. Dismiss at 9 n.6.[4]

---

[4]Defendants raise this argument in a footnote. Generally, the Court will not consider substantive arguments raised only in a footnote. *See* MEMORANDUM OF LAW REQUIREMENTS,

The Court finds, when viewing the allegations of the Complaint in the light most favorable to Dr. James, that Dr. James has not properly pled a retaliation claim under the IWA. The motion to dismiss Count V is granted and Count V is dismissed without prejudice.

## Conclusion

For the foregoing reasons, Defendants' Partial Motion to Dismiss is granted in part and denied in part. Defendants' Motion to Dismiss Counts I, II, and IV (as Count IV relates to retaliation under the ADEA) is denied. Defendants' Motion to Dismiss Counts IV and V (as Count IV relates to retaliation under Title VII and 42 U.S.C. § 1981) is granted. Count IV as it relates to retaliation under Title VII and Section 1981, and Count V are dismissed without prejudice. If Dr. James wishes to file an amended complaint consistent with this Opinion, she must do so by July 29, 2021.

Dated: July 8, 2021

_____
United States District Judge
Franklin U. Valderrama

---

https://www.ilnd.uscourts.gov/judge-info.aspx?zFOuol9sgkvUjRK1U/CzEg==. However, this case was reassigned to this Court after Defendants filed their motion to dismiss. *See* Mot. Dismiss; R. 16.